UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LISA W.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-1449-JPH-MJD |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Lisa W. seeks judicial review of the Social Security Administration's decision denying her petition for Disability Insurance Benefits. Dkt. 1.  She argues that the Appeals Council failed to consider a rule change effective after the Administrative Law Judge's decision, but before the Appeals Council denied review of her claim.  Dkt. 7 at 15–16.  For the reasons below, the decision is **REVERSED AND REMANDED** for further proceedings.

**I.
Facts and Background**

Plaintiff was 51 years old at the alleged onset date of her disability.  Dkt. 5-3 at 2.  She has a high school education and worked in sales and bookkeeping.  *Id.* at 10.  In 2022, Plaintiff alleged that she was impaired by

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

arthritis in her back and knees, migraines, hypothyroidism, plantar fasciitis in both feet, anxiety, depression, high blood pressure, left shoulder condition, bone spurs in both heels, and sleep apnea. *Id.* at 2.

Plaintiff applied for Disability Insurance Benefits in October 2022 with an alleged onset date of December 1, 2020. Dkt. 5-2 at 11. Plaintiff's application was initially denied in April 2023, and on reconsideration in October 2023. *Id.* The Administrative Law Judge ("ALJ") held a hearing in April 2024 and denied Plaintiff's claims in June 2024. *Id.* at 11, 23. Plaintiff appealed the ALJ's denial to the Appeals Council, which rejected her request for review on May 22, 2025. *Id.* at 2–6.

In the ALJ's decision, he followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled. *Id.* at 11–23. Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id.* at 13.

- At Step Two, she had "the following severe impairments: obesity, left shoulder osteoarthritis, status/post left shoulder arthroscopy, plantar fasciitis, status/post left foot plantar fasciotomy, and hypertension." *Id.*

- At Step Three, she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.* at 15.

- After Step Three but before Step Four, she had the residual functional capacity ("RFC") "to perform light work . . . except she could stand/walk for four hours, and sit six hours; but requires the option to change positions between sitting and standing in thirty minute intervals. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can frequently balance, but occasionally stoop, kneel, crouch, and crawl. She can occasionally reach overhead with the nondominant left upper extremity. She can frequently reach with the left

2

upper extremity.  She can never be expos[ed] to hazards, such as unprotected heights, machinery with moving mechanical parts, operating a motor vehicle.  She can never be expos[ed] to extreme heat or cold, and limited to occasional exposure to vibrations."  *Id.* at 17.

- At Step Four, Plaintiff "is capable of performing past relevant work as an Order Taker Supervisor . . . and a composite job as an Administrative Clerk/Accounting Clerk."  *Id.* at 21.

- After Step Four but before Step Five, Plaintiff "has not been under a disability, as defined the Social Security Act, from December 1, 2020."  *Id.* at 22.

Plaintiff now challenges the denial under 42 U.S.C. § 405(g).  Dkt. 1.

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability."  *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019).  When an applicant challenges the Appeal Council's decision to deny review of the ALJ's decision, judicial review is tightly limited because the Appeals Council's decision to review is discretionary.  *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2014).  The Court may review an Appeals Council denial of review only if the Appeals Council erroneously applied regulations or refused to consider new and material evidence submitted to it.  *Keys v. Barnhart*, 347 F.3d 990, 993 (7th Cir. 2004); *Eads v. Sec'y of Dep't of Health & Human Servs.*, 982 F.2d 815, 817 (7th Cir. 1993) (explaining that "if the refusal rests on a mistake of law," the court can reverse the decision).

### III.
### Analysis

The ALJ here determined that Plaintiff was not disabled because she could perform "past relevant work" that she has performed within the last 15 years. Dkt. 5-2 at 21–22; 20 C.F.R. § 404.1565 (rescinded 2024). But, after Plaintiff appealed that decision to the Appeals Council, the Social Security Administration promulgated a new rule, SSR 24-2p, to shorten the "past relevant work" timeframe from 15 years to 5 years. 89 Fed. Reg. 48479. The Appeals Council then denied review of the ALJ's decision. Dkt. 5-2 at 2.

Plaintiff argues that the Appeals Council committed reversible error by failing to apply the new SSR 24-2p with its shorter timeframe. Dkt. 7 at 15–17. The Commissioner responds that the ALJ properly used the rule in effect at the time of his decision, and that one of Plaintiff's jobs qualified as "past relevant work" regardless of the timeframe. Dkt. 9 at 10–12.

SSR 24-2p expressly applies to "claims newly filed and pending beginning on June 22, 2024." 89 Fed. Reg. 48479, n.1. And Plaintiff's claim was before the Appeals Council when SSR 24-2p became effective, so her claim was still "pending." *Keys*, 347 F.3d at 992. The Appeals Council was therefore required to apply SSR 24-2p's new rule when it denied review in May 2025. *Id.* (holding that the Appeals Counsel "had to" consider a new regulation because the claim did not become final until the Council decided not to review the case). Indeed, in explaining its decision to deny review, the Appeals Council recognized that it was required to apply "the laws, regulations and rulings in effect as of the date we took this action." Dkt. 5-2 at 2.

Plaintiff therefore argues that the Appeals Council erred when it "did not apply this new rule" or "address if [her] two jobs were actually done in the last five years." Dkt. 7 at 16. The Commissioner sidesteps that argument entirely—focusing on the ALJ's decision instead—but the Appeals Council's decision to deny review is what Plaintiff is challenging. *Id.*; dkt. 9 at 10–12. The Appeals Council's decision is subject to judicial review. *Farrell v. Astrue*, 692 F.3d 767, 770–71 (7th Cir. 2012) (reversing the Appeals Council's erroneous denial of review). Under that review, the Court "may review an erroneous application of regulations by the Council." *Keys*, 347 F.3d at 993. And here, the Appeals Council offered no indication in its denial that it applied the amended SSR 24-2p, *see* dkt. 5-2 at 2–6, and the Commissioner does not contend that the Appeals Council did so, *see* dkt. 9 at 10–11.

Instead, the Commissioner argues that the ALJ properly applied the old rule because that decision was issued before the SSR 24-2p amendment and became "final" when the Appeals Council denied review. *Id.* at 10. But it's irrelevant to this issue that the ALJ issued his written opinion before the amendment, because Plaintiff's case was still pending when the amendment took effect and the agency chose to make the amendment apply to "pending" cases. *See Keys*, 347 F.3d at 993 (explaining that the Social Security Administration could have had its new regulation apply to only new benefits applications, but "itself . . . decided that the applicable regulations would be those in effect when the final decision was rendered"). And while the ALJ's decision became final when the Appeals Council denied review, the date of that

denial is the date of finality, and Plaintiff's claim was "pending" until then. *Id.* at 992. ("When the Council decided not to review the case, the administrative law judge's decision became final, *but it became final then, not earlier*[.]" (emphasis added)).

In short, the amended SSR 24-2p with its 5-year timeframe for past relevant work applies to Plaintiff's claim, so the Appeals Council should have evaluated her claim under that standard. But the Appeals Council does not indicate—and the Commissioner does not argue—that it did so. *See* dkt. 9 at 10–12.

The Commissioner nevertheless argues that it doesn't matter whether the shorter timeframe applies, "because the result would be the same under any set of rules" since Plaintiff would still have some past relevant work. Dkt. 9 at 10–11; *cf. Lambert v. Berryhill*, 896 F.3d 768, 776 (7th Cir. 2018) (an error is harmless if the Court is "convinced that the ALJ would reach the same result on remand."). But Plaintiff's past work ended in 2019, which fell outside the applicable 5-year timeframe when the Appeals Council denied review in May 2025. *See* dkt. 10 at 3. So, as the Commissioner recognizes, its argument can work only if the amended 5-year timeline looks back from the ALJ's June 2024 decision from before SSR 24-2p's amendment took effect. Dkt. 9 at 11. But the Commissioner does not explain why that would be the case when the ALJ's decision did not become "final" until the Appeals Council's May 2025 denial. *See id.*; *Keys*, 347 F.3d at 992.

Instead, the Commissioner addresses this problem only in a one-sentence footnote citing an out-of-circuit opinion. Dkt. 9 at 12 n.4 (relying on *Obrien v. Bisignano*, 142 F.4th 687, 702 (9th Cir. 2025)). But in *Obrien*, the claim was final before SSR 24-2p's amendment, so there was no issue of the relevant period changing from 15 years to 5 years. 142 F.4th at 701 n.8, 702. Moreover, Seventh Circuit precedent allows for judicial review and reversal of an Appeals Council decision to decline review while Ninth Circuit precedent does not—and neither *Obrien* nor the Commissioner address this difference or how it affects the harmless error analysis, *see* dkt. 9 at 10–12; *compare Keys*, 347 F.3d at 993 (stating the court "can review an erroneous application of regulations by the Council" when the Council declines to review a case), *and Farrell*, 692 F.3d at 770–71 (reversing the Appeals Council's erroneous denial of review), *with Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) ("[W]e have no jurisdiction to review the Appeals Council's decision denying [plaintiff's] request for review. That is, we may neither affirm nor reverse the Appeals Council's decision."). The Commissioner's "short conclusory" footnote makes no effort to address these differences and explain why *Obrien*'s holding might apply here, and "[t]his court has no duty to research and construct legal arguments" for him. *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995).

Remand is therefore required on this issue for Plaintiff's claim to be decided under the amended agency regulation that governs her claim.[2]

**IV.**
**Conclusion**

The Court **REVERSES** the Appeals Council's denial of review of Plaintiff's claim, and the case is **REMANDED** to the Social Security Administration for further proceedings.  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 7/7/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[2] Because this issue is dispositive, the Court need not address Plaintiff's remaining grounds for remand.  *See* dkt. 7 at 14–15, 18.